275 S.E.2d 918 (1981)
STATE ex rel. STATE DEPARTMENT OF WELFARE, Assignee of Judy Wright
v.
Hon. Robert K. SMITH, Judge, Circuit Court, Kanawha County.
No. 14993.
Supreme Court of Appeals of West Virginia.
March 10, 1981.
*919 R. Joseph Zak, Sp. Asst. Atty. Gen., Charleston, for relator.
NEELY, Justice:
This writ of mandamus presents a question of first impression under the recently enacted statute, W.Va.Code, 9-3-4 [1979], which requires recipients of financial assistance under state and federal assistance to assign their support obligations to the State Department of Welfare. The question presented is whether the statute grants the State Department of Welfare standing necessary to enforce that assignment. While the question is novel, it is not difficult, and we conclude that the State Department of Welfare is clearly empowered to enforce the assignment.
Judy Wright, assignor of the Department of Welfare, was granted a divorce from respondent Jack Wright by order of the Circuit Court of Kanawha County sitting as Domestic Relations Court on 16 December 1974. Under the order Judy Wright was granted custody of the five children born to Judy and Jack Wright and the respondent, Jack Wright, was ordered to pay support of $100 per month. Since 1 January 1975 Jack Wright has failed to provide any support under that court order.
On 7 December 1976 and again on 27 August 1979 Judy Wright applied to the State Department of Welfare for money from the Aid to Families With Dependent Children Program (hereinafter AFDC). As a condition for receiving that assistance, in accordance with W.Va.Code, 9-3-4 [1979], she executed an assignment of all her right, title and interest in support payments provided under the order of 16 December 1974.
On 3 July 1980 the State Department of Welfare filed a petition in the Circuit Court of Kanawha County requesting that Jack Wright be held in contempt of the order of 16 December 1974, and that a judgment against Mr. Wright be granted in the amount of $4,600. On 11 July 1980 the Honorable Robert K. Smith, Judge of the Circuit Court of Kanawha County denied the State Department's request for a hearing, finding as follows:
Upon consideration whereof, the Court is of the opinion and finds that the State Department of Welfare does not have standing to proceed against the respondent, Jack Wright, as assignee of Judy Wright in the original divorce proceeding Civil Action No. 17,879-D as it was not a party thereto and that any action by the petitioner should be brought in a separate and independent suit.
It is therefore ORDERED that petitioner's request for a hearing on its Petition is hereby denied to which ruling the petitioner objects and excepts.

I
It is essential to understand the relationship between the federal government and the states in the administration of the AFDC program. In 1975 federal legislation established a comprehensive program to enforce child support which was to be carried out by the states. To be eligible for federal assistance a state must meet certain standards, including as a condition for eligibility for aid that the applicant assign to the state any rights to support which have accrued at the time such assignment is executed.[1] If the State fails to comply with the legislation and is found to have failed to have an effective program, the amount payable to the State for its AFDC program is reduced by five percent. In response to the federal legislation, West Virginia enacted W.Va. Code, 9-3-4 [1979] which covers the application for, and granting of, public welfare assistance.
The State clearly has standing, through its agent, the Department of Welfare, to initiate a proceeding to enforce support obligations by civil contempt under W.Va. Code, 9-3-4 [1979]. The overall intention *920 of W.Va.Code, 9-3-1 et seq. is to improve and extend the enforcement of duties of support under programs involving aid to families with dependent children. The support obligation then becomes a debt owed by the non-custodial parent to the State. This right then becomes a chose in action for the State and it has same rights to enforce that obligation as the original holder.

II
It is clear under the provisions in W.Va. Code, 9-3-4 [1979] that the Department of Welfare stands in the place of and succeeds to all the legal rights and remedies of a parent or guardian to maintain an action to enforce an order awarding child support. The provision reads in part as follows:
The assignment hereunder shall subrogate the department of welfare to the rights of the child, children or caretaker to the prosecution or maintenance of any action or procedure existing under law providing a remedy whereby the department of welfare may be reimbursed for moneys expended on behalf of the child, children or caretaker. The department of welfare shall further be subrogated to the debt created by any order or decree awarding support and maintenance to or for the benefit of any child, children or caretaker included within the assignment hereunder and shall be empowered to receive such money judgments and endorse any check, draft, note or other negotiable document in payment thereof.
In "subrogating" the claim of the parent, the Legislature granted a broad right to the State to enforce its claim. As we have stated before, "[t]he concept of subrogation is distinct from that of a mere assignment. Subrogation is a `creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it'." quoting 16 Couch, Cyclopedia of Insurance Law, § 61:18 (2d Ed. 1964), Travelers Indemnity Company v. Rader, 152 W.Va. 699, 704, 166 S.E.2d 157, 160 (1969).
The language in the revised Uniform Reciprocal Support Act more precisely provides that where a state furnishes financial support to a custodial parent it has the same rights as the parent to initiate civil contempt proceedings when it says:
If a state or political subdivision furnishes support to an individual obligee it has the same right to initiate a proceeding under this article as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support. W.Va. Code, 48-9-8 [1972].
It would be absurd, obviously, to enforce support obligations under this provision where the obligee and obligor are in different states or different counties of this State and alternatively to deny such enforcement if the obligee and obligor are from the same county. Certainly it is a general rule of statutory construction that statutes on the same subject should be read together to infer the overall intent of the Legislature, and while the Legislature used the word "subrogated" in Code, 9-3-4 [1979] its elaboration of the subject in Code, 48-9-8 [1972] clearly indicates that the use of the word "subrogated" means that the State may stand in the place and stead of the assignor and use equitable as well as legal means to enforce judgments. For the foregoing reasons the writ of mandamus prayed for is granted.
Writ granted.
NOTES
[1] The Federal provision says that the State must:

"Provide that, as a condition of eligibility for aid, each applicant or recipient will be required to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed." 42 U.S.C.A. § 602(a)(26)(A).